**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELMER EDGARDO BENITEZ BENITEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-08402-JLT-EGC<br>A-Number: 240-911-979<br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br>(Doc. 1) |

Elmer Edgardo Benitez Benitez is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Honduras. He entered the United States as a minor without inspection in September 2022, and he was encountered by U.S. Border Patrol near Eagle Pass, Texas. (Doc. 1 at 8; Doc. 5-1 at 2.) Petitioner was served with a Notice to Appear charging him pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act and released to a family member. (*Id.*) The NTA was never filed with the immigration court. (Doc. 5-1 at 2.) There is no that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. Yet, on

August 23, 2026, Petitioner was arrested and taken into ICE custody after he entered Canada while attempting to travel to Michigan. (*Id*.) Petitioner is detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On October 13, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.) On October 18, 2026, Respondents filed a response to the petition, in which they assert detention in this case is pursuant to 8 U.S.C. §1226(a) and Petitioner is entitled to a bond hearing. (Doc. 5 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the

Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

3. The Clerk of Court is directed to California City Detention Facility in California City, California, with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 22, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.